UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACOMB COUNTY BOARD OF
COMMISSIONERS,                                    Case No. 09-15040

    Plaintiff,                                  Honorable Nancy G. Edmunds

v.

STELLARONE BANK f/k/a VIRGINIA
COMMONWEALTH TRUST COMPANY,

    Defendant.
                                             /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION [3]**

This matter comes before the Court on Defendant StellarOne Bank f/k/a Virginia Commonwealth Trust Company ("StellarOne")'s motion to dismiss for lack of personal jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative seeking transfer of venue pursuant to 28 U.S.C. § 1404(a). Plaintiff Macomb County Board of Commissioners ("Macomb") is a governmental agency formed under the laws of the State of Michigan. Defendant StellarOne is a bank organized under the laws of the Commonwealth of Virginia and is a successor by merger to Virginia Commonwealth Trust Company. Plaintiff Macomb filed this action against Defendant StellarOne alleging that it (1) violated Michigan's version of Article 5 of the U.C.C., Mich. Comp. Laws Ann. § 440.5111, when it wrongfully dishonored an Irrevocable Trust Receipt ("ITR") issued by First Mountain Bancorp and naming Plaintiff as beneficiary; and (2) should be equitably estopped from denying its responsibility under the ITR. Plaintiff's complaint was originally

filed in state court and subsequently removed here based on diversity jurisdiction. For the reasons set forth below, Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

**I. Facts**

    **A. Underlying Construction Project and State Court Action[1]**

In 2006, Plaintiff Macomb began building a new 42-2 District Court facility located in New Baltimore, Michigan (the "Project"). To protect Plaintiff and Project subcontractors, the general contractor was required to secure performance and payment bonds from a surety authorized to conduct business in Michigan. In January 2007, the general contractor secured bonds from E.C. Scarborough, an individual surety from Washington, D.C. Scarborough then obtained the ITR that is the subject of this lawsuit from First Mountain Bancorp. The ITR's purpose was to provide security for the performance and payment bonds. It identifies the 42nd District Court County Court House as the "Project," provides that the ITR is established in Plaintiff's favor at Scarborough's request, and further provides that Virginia Commonwealth Trust Company is the "Nominated Bank." (Def.'s Mot., Ex. C, ITR.)

After the Scarborough bonds and First Mountain Bancorp's ITR were delivered to Plaintiff, the general contractor was terminated for various contract breaches. At that time, several subcontractors had filed payment bond claims because the general had not paid them. After Scarborough, the surety, refused to honor the subcontractors' payment bond claims, lawsuits were filed in state court ("Underlying State Action"). These lawsuits

---

[1]These background facts are provided in Plaintiff's response; not the complaint.

involved the subcontractors, Scarborough and Plaintiff. Plaintiff filed a third-party complaint against First Mountain Bancorp, the issuer of the ITR, and Underwriters Reinsurance Group, the underwriter of the Scarborough bonds, seeking to have them honor the subcontractors' payment bond claims. First Mountain Bancorp and Underwriters Reinsurance Group responded by filing a counter-claim in interpleader seeking a declaratory judgment that they had received $122,172 in premiums to reinsure and back the Scarborough bonds, and proposing to pay that amount into the Court.

Plaintiff agreed to dismiss its claims against First Mountain Bancorp and Underwriters Reinsurance Group in exchange for a refund of the premiums paid. The money was never paid and counsel for both parties withdrew. First Mountain Bancorp and Underwriters Reinsurance Group were then defaulted, and a judgment was entered against them in the amount of $122,172. Plaintiff attempted unsuccessfully to collect on the $122,172 judgment against First Mountain Bancorp and Underwriters Reinsurance Group.

**B. Demand Letter and This Lawsuit**

After its unsuccessful efforts to obtain payment from First Mountain Bancorp and the bond underwriter, Plaintiff decided to try another route. It attempted to satisfy the $122,172 judgment by seeking payment in that amount from Defendant; using the ITR as its vehicle. (Compl. ¶ 14.) In a December 4, 2009 demand letter to Defendant, Plaintiff's counsel explained that First Mountain Bancorp had issued an irrevocable trust in the amount of $6,108,600, and Plaintiff was the beneficiary. A declaratory judgment in the amount of $122,172 was entered in the Underlying State Court Action against First Mountain Bancorp. First Mountain Bancorp was either unwilling or unable to honor the ITR by satisfying the $122,172 judgment. Under Mich. Comp. Laws §§ 440.5102(j) and (k), the ITR was a letter

of credit, and StellarOne's predecessor was a "nominated person" whom the issuer had authorized to pay on the ITR. Plaintiff was thus demanding that StellarOne pay it $122,172, plus costs, and attorney fees. (Compl., Ex. D, 12/04/09 demand letter.)

StellarOne did not respond to the demand letter; and on December 9, 2009, Plaintiff Macomb filed this action against it in state court. This action was subsequently removed here on grounds of diversity jurisdiction. Plaintiff's complaint alleges the following. On January 9, 2007, First Mountain Bancorp issued an Irrevocable Trust Receipt ("ITR") in the amount of $6,108,600, naming Plaintiff as beneficiary. (Compl. ¶ 7.) The ITR identifies Virginia Commonwealth Trust Company as the "Nominated Bank." (Compl, Ex. A, ITR.) Under Michigan's version of Article 5 of the U.C.C., the ITR is defined as a letter of credit, Mich. Comp. Laws § 440.5102(j), and StellarOne falls within that statute's definition of a "nominated person," Mich. Comp. Laws § 440.5102(k).[2] (Compl. ¶¶ 12-13.)

Plaintiff further alleges that, in the Underlying State Action, it obtained a declaratory judgment in its favor and against third-party defendants Underwriters Reinsurance and First Mountain Bancorp for the amount of $122,172. (Compl. ¶ 10 and Ex. C, 8/10/09 Order.) Plaintiff sent Defendant a letter demanding that it, as the Nominated Person under the ITR,

---

[2]The Michigan statute provides that:

(k) "Nominated person" means both of the following:

(i) A person whom the issuer designates or authorizes to pay, accept, negotiate, or otherwise give value under a letter of credit.

(ii) A person whom the issuer undertakes by agreement or custom and practice to reimburse.

Mich. Comp. Laws § 445.5102(k).

4

pay Plaintiff the $122,172 owed it by First Mountain Bancorp.  Because Defendant StellarOne failed to respond to its demand letter, it is liable under Michigan law for wrongfully dishonoring the ITR and thus owes Plaintiff $122,172 in damages plus reasonable attorney fees and costs, Mich. Comp. Laws §§ 440.5111(3), (5).  (Compl. ¶¶ 14-17.)  Plaintiff's complaint further alleges that Defendant StellarOne's predecessor's actions and representations induced Plaintiff to believe that it was secured by and the beneficiary of the "ITR/letter of credit," it justifiably relied on this belief, was prejudiced, and damaged as a result. (Compl. ¶¶ 19-21.)  Accordingly, Plaintiff asserts, Defendant StellarOne must be estopped from denying its responsibility under the ITR.  (*Id.* at ¶ 22.)

Plaintiff's complaint does not allege that StellarOne is a "confirmer."  Under the relevant Michigan statute, a "confirmer" is defined as a "nominated person who undertakes, at the request or with the consent of the issuer, to honor a presentation under a letter of credit issued by another." Mich. Comp. Laws § 440.5102(d).  The Michigan statute at issue here also provides that "[a] nominated person who is not a confirmer is not obligated to honor or otherwise give value for a presentation."  Mich. Comp. Laws § 440.5107(2).  The statute does provide, however, that "[i]f an adviser or nominated person other than a confirmer breaches an obligation under this article . . ., a person to whom the obligation is owed may recover damages resulting from the breach, including incidental but not consequential damages, less any amount saved as a result of the breach."  Mich. Comp. Laws § 440.5111(3).

II.     **Rule 12(b)(2) Motion to Dismiss Standard**

A plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v.*

*General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). When the Court does not conduct an evidentiary hearing on this issue when deciding a Rule 12(b)(2) motion to dismiss, Plaintiff "need only make a prima facie showing of jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). A plaintiff can satisfy this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal quotation marks and citation omitted). In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court views the pleadings and affidavits in the light most favorable to the plaintiff. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Theunissen*, 935 F.2d at 1459). The Court "will not consider facts proffered by the defendant that conflict with those offered by [the plaintiff]." *Neogen*, 282 F.3d at 887 (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

### III. Analysis

StellarOne's motion to dismiss argues that this Court lacks personal jurisdiction over it. StellarOne is a bank organized under the laws of the Commonwealth of Virginia. It is the successor by merger to Virginia Commonwealth Trust Company; and thus, other than the name, StellarOne is the same entity as Virginia Commonwealth Trust Company. Accordingly, all facts asserted by StellarOne's Executive Vice President and Chief Financial Officer, Jeffrey W. Farrar, apply equally to its predecessor Virginia Commonwealth Trust Company. (Farrar Supp. Decl. ¶ 1.)

StellarOne has no presence in Michigan. Its headquarters, all branches, and all offices are located in the Commonwealth of Virginia. (Farrar Decl. ¶¶ 5-6.) Specifically,

StellarOne (1) does not maintain an office, mailing address, or telephone in the State of Michigan; (2) does not have any employees, servants, or agents within the State of Michigan; (3) does not have assets located in the State of Michigan; (4) has not solicited any loans in the State of Michigan; (5) has only one loan where the obligor on the loan is a resident of the State of Michigan, and that obligor applied for the loan in person in Virginia and the loan is secured by property in Virginia; (6) has no trust customers in the State of Michigan; (7) has not solicited any trust business in the State of Michigan; (8) is not qualified to do business in the State of Michigan; (9) has not obtained a license to conduct banking or trust business in the State of Michigan; (10) is not subject to taxation in the State of Michigan; (11) has not appointed a registered agent for service of process in the State of Michigan; (12) has not purchased national or local advertising of any kind appearing in the State of Michigan; and (13) has not consented to the exercise of personal jurisdiction over it in the State of Michigan. (Farrar Decl. ¶ 3.)

As to the specific facts of this lawsuit, Mr. Farrar declares that (1) other than receipt of the December 4, 2009 demand letter and a copy of the complaint in this action, StellarOne's records show that it never had any dealings with Plaintiff; (2) any use of Virginia Commonwealth Trust Company's name on any ITR issued to or for the benefit of Plaintiff Macomb was "wholly unauthorized" by Virginia Commonwealth Trust Company or StellarOne and was without their knowledge or consent; (3) no party was ever authorized to use Virginia Commonwealth Trust Company's name on any ITR in any capacity and neither Virginia Commonwealth nor StellarOne held out any party as having authority to use Virginia Commonwealth's name on an ITR in any capacity; (4) StellarOne has not transacted any business in the State of Michigan either with regard to the transactions

7

described in Plaintiff's complaint or otherwise; and (5) StellarOne has not had any contacts with Plaintiff with regard to the transactions described in its complaint. (Farrar Decl. ¶¶ 7-9.)

Plaintiff Macomb responds that (1) Defendant's motion is premature; and (2) it has established that limited personal jurisdiction exists because StellarOne, as the successor by merger of Virginia Commonwealth Trust Company, was designated by First Mountain Bancorp to be the "Nominated Bank" on an ITR where Plaintiff, a Michigan governmental agency, was the beneficiary and the identified construction project was located in Macomb County, Michigan.

This Court begins its analysis with Plaintiff's argument that Defendant's motion is premature.

### A. Defendant's Motion is Not Premature

Plaintiff first argues that Defendant's motion is premature. It acknowledges that the ITR designating Defendant StellarOne's predecessor as the "Nominated Bank" was issued by First Mountain Bancorp. Plaintiff then argues that, because it has been unable to locate First Mountain's principal George Gowen, it is entitled to discovery of StellarOne's predecessor's files to determine its relationship, if any, with First Mountain and the ITR. Defendant StellarOne responds that Mr. Farrar's Declaration clarified that each statement made as to StellarOne applied equally to its predecessor Virginia Commonwealth Trust Company. Neither Virginia Commonwealth nor StellarOne had any contacts with Michigan with regard to the transactions described in Plaintiff's complaint or otherwise. Thus, there is no need for discovery, and its motion to dismiss for lack of personal jurisdiction is not premature. This Court agrees with Defendant. Here, the lack of personal jurisdiction is

8

clear, and discovery would serve no purpose.  *See Carribean Broadcasting Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1089-90 (D.C. Cir. 1998) (applying a long-arm statute similar to Michigan's and collecting decisions denying discovery where the plaintiff has failed to present any jurisdictional facts or "colorable basis for jurisdiction" in response to a motion to dismiss and supporting affidavit or where the plaintiff relies on "mere speculation" or unsupported "hope" that discovery will uncover inaccuracies in a defendant's affidavit.)

The Court now addresses Plaintiff's argument that it has limited personal jurisdiction over Defendant StellarOne.

### B. Personal Jurisdiction Requirements

To establish personal jurisdiction in this diversity action, Macomb must show that the Court's exercise of personal jurisdiction is both: (1) authorized by "the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen*, 282 F.3d at 888. In Michigan—because its long-arm statute extends to the limits of due process—these two inquiries merge into one. *See Perry Drug Stores v. CSK Auto Corp.*, 93 F. App'x 677, 680 (6th Cir. 2003).

#### 1. Michigan's Long-Arm Statute

In Michigan, the exercise of personal jurisdiction over a non-resident may be "general" or "limited." *Neogen*, 282 F.3d at 888 (citing Mich. Comp. Laws § 600.711 (general) and § 600.715 (limited)). General personal jurisdiction extends to a defendant "regardless of whether the claim at issue is related to its activities in the state or has an in-state effect," whereas limited personal jurisdiction "extends only to claims arising from the defendant's

activities that were either within Michigan or had an in-state effect." *Neogen*, 282 F.3d at 888.

General personal jurisdiction exists over a corporation that is incorporated in Michigan, consents to jurisdiction in Michigan, or engages in continuous and systematic business in Michigan. Mich. Comp. Laws § 600.711. Because Plaintiff's complaint is devoid of any allegation that would support an inference that StellarOne is subject to general personal jurisdiction in Michigan, any basis for jurisdiction over StellarOne rests upon limited personal jurisdiction.

Under Michigan's long-arm statute, the Court can exercise limited personal jurisdiction over corporations in claims:

> arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Mich. Comp. Laws § 600.715.

Macomb contends that it has satisfied its burden of showing that the Court has limited personal jurisdiction over StellarOne under § 600.715(2). Without supporting authority, Macomb argues that its claim that Defendant StellarOne violated Michigan's version of Article 5 of the U.C.C. is in the nature of a tort claim. Plaintiff is mistaken. Its complaint asserts that the ITR is in the nature of a letter of credit and further asserts that Defendant violated Michigan's statute that addresses the wrongful dishonor of a letter of credit.

10

Plaintiff's complaint does not and cannot allege, as it attempts to argue in its brief, that StellarOne acted as an insurer or guaranty for the construction project referenced in the ITR issued by First Mountain Bancorp on Plaintiff's behalf.  Plaintiff has not and cannot allege that StellarOne acted as an insurer or surety with regard to the court house construction project that is at issue in this litigation.  Rather, Plaintiff's complaint alleges that the ITR is a letter of credit.  Letters of Credit are governed by Article 5 of the U.C.C.  Acknowledging this, Plaintiff's complaint alleges that Defendant StellarOne violated a provision of Michigan's version of Article 5 of the U.C.C. -- Mich. Comp. Laws § 440.5111.

Despite Plaintiff's failed argument that its claims are in the nature of tort, it does allege that there were sufficient contacts between StellarOne and Michigan for this Court to assert personal jurisdiction because the ITR designates StellarOne as the "Nominated Bank," and Plaintiff's reliance on that ITR caused numerous business transactions to occur in Michigan.  Viewing these allegations in Plaintiff's favor, they fall within one of the provisions of Michigan's long-arm statute conferring limited personal jurisdiction over corporations.  *See* Mich. Comp. Laws § 600.715(1).  In *Chandler v. Barclays Bank PLC*, 898 F.2d 1148 (6th Cir. 1990), the Sixth Circuit considered this limited personal jurisdiction provision in the context of a claim asserting that payment under a letter of credit was wrongfully denied.  It observed that this provision "extends the state's jurisdiction to the limits permitted by due process requirements."  *Id.* at 1150-51 (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir. 1989)).  Accordingly, because Michigan's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment, this Court need only determine whether the exercise of personal jurisdiction over StellarOne comports with due process.  *See Perry Drug Stores*, 93 F. App'x at 680.  The relevant inquiry then is

whether asserting personal jurisdiction over StellarOne in Michigan would comport with due process. The Court finds that it would not.

### 2. Due Process

To exercise personal jurisdiction over a defendant, the defendant must have had minimum contacts with the forum so that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).[3] In determining whether a nonresident defendant has sufficient contacts to support personal jurisdiction, the Sixth Circuit has established a three-part inquiry:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls*, 503 F.3d at 550 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

### a. There is No Purposeful Availment

To be subject to personal jurisdiction, a defendant must "purposefully avail himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

---

[3] Under the Fourteenth Amendment, the due process requirement serves two functions: (1) it protects the defendant against the burden of litigating in a distant or inconvenient forum; and (2) it ensures that the states do not reach out beyond the limits imposed on them as coequal sovereigns. *Handley v. Indiana & Michigan Electric Co.*, 732 F.2d 1265, 1271 (6th Cir. 1984).

> "Purposeful availment," the "constitutional touchstone" of personal jurisdiction, is present where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State, and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there.
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person.

*Neogen*, 282 F.3d at 890 (emphasis in original) (internal quotations and citations omitted).

This Court finds that the facts of this case do not satisfy the purposeful availment requirement.

Plaintiff Macomb argues that Defendant purposely availed itself of the privilege of acting in the State of Michigan "by being nominated on the ITR," which is akin to a letter of credit and specifically references Macomb County, Michigan and the County-owned project" that was the subject of the ITR. (Pl.'s Resp. at 7.) Defendant persuasively argues to the contrary.

Relying on the Sixth Circuit's decision in *Chandler*, StellarOne argues that, just because the ITR at issue here names a Michigan resident as beneficiary, this is not enough to subject a "nominated bank" personally to the jurisdiction of that state. This Court agrees.

In *Chandler*, International Steel Marketing, an Egyptian corporation, contracted to buy steel from Minkin Chandler, a Detroit, Michigan steel supplier. Payment was to be made by a letter of credit. International Steel subsequently obtained a letter of credit from Banque due Caire of Cairo, Egypt. Chandler was the beneficiary, Barclays of New York was the confirming bank, and Banque due Caire was the issuer. After Chandler traveled

13

to New York and was denied payment under the letter of credit, he filed suit against Banque due Caire and others in the United States District Court for the Eastern District of Michigan. Banque due Caire successfully moved to dismiss for lack of personal jurisdiction, and the Sixth Circuit affirmed. *Chandler*, 898 F.2d at 1155.

In *Chandler*, the Sixth Circuit observed, with approval, that "[s]everal courts have held that the mere issuance of a letter of credit naming a resident of a particular state as beneficiary does not subject the issuing bank to the jurisdiction of that state." *Chandler*, 898 F.2d at 1151-52 (citing decisions from other jurisdictions concluding that "jurisdiction cannot be properly based on the issuance of a letter of credit"). Here, Defendant StellarOne is not even the issuing bank; First Mountain Bancorp is the issuer. Similar to the facts in *Chandler*, because Plaintiff Macomb "did not ask for a letter of credit on a Michigan bank or for confirmation by a Michigan bank," there are no facts showing that "the parties expected any dispute over the letter of credit to be resolved in Michigan. *Id.* at 1153.

Plaintiff's attempts to distinguish *Chandler* as well as the decisions discussed in *Chandler* fail. Plaintiff argues that, because the ITR identifies a Michigan project and benefits a Michigan governmental entity, these facts are sufficient to confer personal jurisdiction. A similar argument was rejected in *Chandler*. There, the court observed that "the fact that a letter of credit was made payable to a Michigan corporation is entitled to little weight by itself, for in virtually every case alleging personal jurisdiction over a foreign corporation this will be the case." *Id.* at 1153, n.1 (internal quotation marks and citation omitted). Moreover, contrary to Plaintiff's arguments here, an issuer like First Mountain Bancorp rather than a nominated bank is more akin to an insurer. Moreover, as Defendant

14

points out in its Reply, Plaintiff's complaint alleges no facts supporting a conclusion that StellarOne was an "insurer" or "surety" of the Macomb County Court House project. Thus, the insurance and surety decisions upon which Plaintiff relies are easily distinguished.

Farrar's Declaration affirmatively establishes that, other than the demand letter and this lawsuit, neither StellarOne nor its predecessor had any contacts with Michigan either with regard to the ITR that is the subject of this litigation or otherwise. StellarOne is a bank organized under the laws of the Commonwealth of Virginia. Its headquarters, branches, and offices are all located in Virginia. It has no presence in Michigan and has not transacted any business in Michigan. Accordingly, Plaintiff has not shown that StellarOne purposefully availed itself of the privilege of conducting activities in Michigan.

### b. Plaintiff's Claims Do Not Arise from Defendant's Contacts with Michigan

As to the second prong of the due process analysis, the Sixth Circuit has articulated the appropriate standard in various ways; i.e., "whether the causes of action were 'made possible by' or 'lie in the wake of' the defendant's contacts," or "whether the causes of action are 'related to' or 'connected with' the defendant's contacts with the forum state." *Air Prod. & Controls*, 503 F.3d at 553 (internal quotation marks and citations omitted). The Sixth Circuit has also clarified that the standard is a lenient one. *Id.* Nonetheless, as discussed above, StellarOne had no contact with and conducted no activities within Michigan. Thus, this cause of action does not arise from StellarOne's activities within Michigan.

### c. The Exercise of Personal Jurisdiction Would Not Be Reasonable

In evaluating the third prong, the Court considers whether "the acts of the defendant or consequences caused by the defendant ... have a substantial enough connection with

the forum state to make the exercise of jurisdiction over the defendant reasonable." *Air Prod. & Controls*, 503 F.3d at 554 (internal quotation marks and citation omitted). Because StellarOne did not purposefully avail itself of the benefits and privileges of doing business in Michigan—as it conducted no activities within Michigan—the acts or consequences allegedly caused by StellarOne are not so substantially connected with Michigan to make the exercise of jurisdiction reasonable.

Accordingly, the Court holds that Plaintiff Macomb has failed to establish a prima facie case of the Court's personal jurisdiction over Defendant StellarOne. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is therefore GRANTED. This result makes it unnecessary for the Court to consider StellarOne's alternative argument that venue be transferred to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404(a).

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 10, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager